**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

ADAM MASKELL                                                                            PLAINTIFF

v.                                    **Case No. 4:23-cv-521-JM**

DAVID HARROD                                                                          DEFENDANT

## ORDER

Plaintiff Adam Maskell's motion to proceed *in forma pauperis* is GRANTED. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (*per curiam*) (complaint can be filed if plaintiff qualifies by economic status under 28 U.S.C. § 1915(a)). He reports no income. (Doc. 2).

The law requires that I screen the Complaint. 28 U.S.C. § 1915(e)(2). "A *pro se* plaintiff must set forth enough factual allegations to 'nudge [] their claims across the line from conceivable to plausible,' or 'their complaint must be dismissed' for failing to state a claim upon which relief can be granted." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing *pro se*, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Maskell sued Bradley County Prosecuting Attorney David Harrod under 42 U.S.C. § 1983 alleging that he is maliciously prosecuting him. A public records search reveals that Maskell has actually been criminally charged in Bradley County Circuit Court with felony possession of a firearm and continues to await trial on that charge. *See State v. Maskell,* 06CR-

22-25 (Bradley County Circuit Court). While the Court often will refrain from addressing constitutional allegations while a state case remains pending, here, the claims will be screened. *Younger v. Harris*, 401 U.S. 37 (1971).

"Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) (internal quotations omitted).  This is true even in the face of  "[a]llegations of unethical conduct and improper motive in the performance of prosecutorial functions."  *Ibid.* Therefore, Harrod is entitled to absolute immunity for his work as a prosecutor.  Accordingly, Plaintiff's complaint is dismissed, without prejudice for failure to state a claim on which relief may be granted.  An *in forma pauperis* appeal would not be taken in good faith.

IT IS SO ORDERED this 14th day of June, 2023.

_____
UNITED STATES DISTRICT JUDGE